UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AT&T COMMUNICATIONS – EAST, INC., f/k/a AT&T Communications, Inc., a Delaware Corporation; AT&T CORP., f/k/a American Telephone and Telegraph Company, a New York Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a Regional Transit Authority,<br><br>Defendant / Third Party Plaintiff<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, LLC, a foreign limited liability corporation; MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services,<br><br>Third Party Defendants. | CASE NO. C07-5186BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF AN ADDITIONAL DEFENDANT |

This matter comes before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint and for Joinder of an Additional Defendant (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2007, Plaintiffs filed a declaratory judgment action. Dkt. 1. The facts, according to the complaint, are as follows: In 1987, Plaintiffs sought to install a fiber optic telecommunications transmissions system and certain equipment and structures along a railroad corridor between Renton, Washington and Eugene, Oregon. Dkt. 1 at 2. The railroad corridor was owned and controlled by Burlington Northern Railroad Company, now known as BNSF Railway Company ("BNSF"). *Id.* at 2-3. On July 21, 1987, AT&T entered into a right-of-way agreement ("the ROW Agreement") with BNSF whereby BNSF granted AT&T an easement and other rights. *Id.* at 3. Pursuant to the ROW Agreement, AT&T constructed and installed fiber optic cable facilities within the railroad corridor between Renton and Eugene, including the BNSF line between Tacoma and Lakewood in the State of Washington. *Id.*

On September 25, 2003, the Sound Transit board of directors authorized the acquisition of certain real property interests owned by BNSF. *Id.* BNSF agreed to sell real property between Tacoma and Lakeview and between Lakeview and Nisqually in lieu of condemnation. *Id.* at 3-4. On December 17, 2003, the Sound Transit board approved the purchase of real property interests required for the Sounder Commuter Rail service. *Id.* at 4. The Sound Transit board also approved execution of a Joint Use Agreement with BNSF for the Tacoma to Nisqually right-of-way and properties. By quitclaim deeds, BNSF conveyed to Sound Transit the Lakeview North Rail Line Property and the Lakeview South Rail Line Property, with certain excepted property. *Id.* at 4-5.

On July 6, 2006, Sound Transit notified AT&T that Sound Transit acquired BNSF's railroad right-of-way running from M Street in Tacoma to Nisqually, Washington and intended to start construction of two projects within the right-of-way in January of 2007. *Id.* at 5. Sound Transit further notified AT&T that its facilities must be relocated prior to commencement of the work in order to avoid removal of the facilities. *Id.* at 6.

On August 16, 2006, AT&T provided Sound Transit with a copy of the ROW Agreement and notified Sound Transit that it was entitled to compensation of actual costs and expenses associated with the relocation of its fiber optic cable facilities. *Id.* In the complaint, Plaintiffs

ORDER - 2

contend that BNSF never assigned its rights under the ROW Agreement to Sound Transit and that Plaintiffs never consented to an assignment of their rights and obligations under the ROW Agreement to Sound Transit. *Id.*

Plaintiffs contend that they are under no obligation to relocate their facilities at their own expense. Plaintiffs seek a judgment declaring that Defendant Central Puget Sound Regional Transit Authority ("Sound Transit") "does not have any authority under the ROW Agreement to require AT&T to relocate its fiber optic cable facilities" and that if Sound Transit has such authority, Plaintiffs are entitled to reimbursement of actual costs and expenses pursuant to the ROW Agreement or to RCW 8.26.010 *et seq.*

On July 25, 2007, after the complaint was filed, Plaintiffs' counsel received a copy of an Assignment and Assumption of Third Party Leases/Easements/Licenses between BNSF and Sound Transit. Dkt. 37 at 3. This document apparently contradicts Plaintiffs' belief that BNSF did not assign its rights under the ROW Agreement to Sound Transit.

Plaintiffs contend that if BNSF's assignment of the ROW Agreement was valid, BNSF may be in breach of the ROW Agreement. Plaintiffs now seek leave of Court to file an amended complaint adding BNSF as a defendant. Dkt. 37. Sound Transit does not oppose the motion but asks the Court to leave all scheduling deadlines as previously set. Dkt. 39. Level 3 Communications, LLC and MCI Communications Services, Inc. have not responded to the motion. *See* Local Rule CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

## II. DISCUSSION

A "plaintiff's petition to amend its pleadings to add . . . a party defendant brings into consideration Rules 15 and 20 of the Federal Rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980). Federal Rule of Civil Procedure 15 provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

ORDER - 3

Fed. R. Civ. P. 15(a).

Federal Rule of Civil Procedure 20 provides for the permissive joinder of parties if the plaintiff asserts "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). These rules afford courts discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank*, 623 F.2d at 1375-76. If the explicit requirements of Rule 20 are satisfied, courts consider several factors before determining whether to grant leave to amend. *Id.* at 1375.

## A.  LEAVE TO AMEND

In this case, it is unclear whether Plaintiffs have attempted to secure the written consent of Defendants before seeking leave of court to amend the complaint.

Both explicit requirements of Rule 20 are satisfied in this case. The series of transactions or occurrences at issue in this case is the assignment by BNSF of certain leases, easements and licenses to Sound Transit. The common questions of law and fact include whether BNSF assigned its rights under the ROW Agreement to Sound Transit.

Plaintiffs having satisfied the specific requirements of Rules 15 and 20, the Court must now consider the following factors:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Insurance Co.*, 623 F.2d at 1375.

First, Sound Transit does not contend that it will be prejudiced by the addition of BNSF, and Third-Party Defendants have not opposed the motion. Second, there is no indication that Plaintiffs delayed in seeking to amend the complaint. The fact that the motion was filed before the November 26, 2007, deadline for filing motions to join additional parties is relevant to this factor. *See* Dkt. 36. Third, Plaintiffs' motive in seeking to amend the complaint does not appear

ORDER - 4

to be improper, and Defendant makes no such allegation. Fourth, the relationship between the new and old parties could be characterized as close. The complaint names Sound Transit as a defendant, and Sound Transit is apparently an assignee of BNSF. Fifth, it appears that adding BNSF would not disturb the Court's jurisdiction. Finally, it is possible that the new party, BNSF, had notice of this action by virtue of its connection to its assignor, Sound Transit, and the assignor's status as a defendant in this case. The Court should therefore permit Plaintiffs to amend the complaint to join BNSF as a defendant.

**B.    SCHEDULING DEADLINES**

Sound Transit does not oppose the filing of an amended complaint naming BNSF as an additional defendant but will object or seek bifurcation "[i]f BNSF or AT&T seek a continuance of any pre-trial deadlines or the trial date." Dkt. 39 at 3. Such a request is not yet before the Court. Trial is currently set for October 27, 2008, and the discovery deadline is June 30, 2008. Dkt. 36. In the event that any party seeks an extension of these deadlines, Sound Transit will have an opportunity to be heard on the issue.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint and for Joinder of an Additional Defendant (Dkt. 37) is **GRANTED**.

DATED this 30th day of November, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5