UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AT&T COMMUNICATIONS – EAST, INC., f/k/a AT&T Communications, Inc., a Delaware Corporation; AT&T CORP., f/k/a American Telephone and Telegraph Company, a New York Corporation,<br><br>    Plaintiffs,<br>  v.<br><br>CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a Regional Transit Authority; BNSF RAILWAY COMPANY f/k/a Burlington Northern and Santa Fe Railway Company, f/k/a Burlington Northern Railroad Company,<br><br>    Defendants.<br>_____<br>CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a Regional Transit Authority,<br><br>    Defendant/Third-Party Plaintiff,<br><br>  v.<br><br>LEVEL 3 COMMUNICATIONS, LLC, a foreign limited liability corporation; MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services,<br><br>    Third-Party Defendants. | CASE NO. C07-5186BHS<br><br>ORDER GRANTING JOINT MOTION FOR REALIGNMENT AND DENYING SOUND TRANSIT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

ORDER - 1

This matter comes before the Court on Sound Transit's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 62) and the Joint[1] Motion for Realignment (Dkt. 78). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2007, AT&T Communications – East, Inc. and AT&T Corp. ("AT&T") filed a declaratory judgment action. Dkt. 1. The facts, according to the second amended complaint, are as follows: In 1987, AT&T sought to install a fiber optic telecommunications transmissions system and certain equipment and structures along a railroad corridor between Renton, Washington and Eugene, Oregon. Dkt. 48 at 3. The railroad corridor was owned and controlled by Burlington Northern Railroad Company, now known as BNSF Railway Company ("BNSF"). *Id.* On July 21, 1987, AT&T entered into a right-of-way agreement ("the ROW Agreement") with BNSF whereby BNSF granted AT&T an easement and other rights. *Id.* Pursuant to the ROW Agreement, AT&T constructed and installed fiber optic cable facilities within the railroad corridor between Renton and Eugene, including the BNSF line between Tacoma and Lakewood in the State of Washington. *Id.* at 5.

On September 25, 2003, the Central Puget Sound Regional Transit Authority ("Sound Transit") board of directors authorized the acquisition of certain real property interests owned by BNSF, and BNSF agreed to sell certain real property to Sound Transit in lieu of condemnation. *Id.* By quitclaim deeds, BNSF conveyed to Sound Transit the Lakeview North Rail Line Property, the Lakeview South Rail Line Property, and the Lakeview Stations Property. *Id.* at 6. On September 28, 2004, BNSF assigned all of its rights to any existing easements affecting or relating to the Lakeview North Rail Line

---

[1] While labeled a "joint motion," the motion is not joined by BNSF Railway Company, and BNSF has filed a response to the motion.

ORDER - 2

Property to Sound Transit, and Sound Transit correspondingly assumed all duties and obligations under such easements. *Id.* at 6-7.

On July 6, 2006, Sound Transit notified AT&T that Sound Transit acquired BNSF's railroad right-of-way running from M Street in Tacoma to Nisqually, Washington and intended to start construction of two projects within the right-of-way in January of 2007. *Id.* at 7. Sound Transit further notified AT&T that its facilities must be relocated prior to commencement of the work in order to avoid removal of the facilities. *Id.* at 7-8.

On August 16, 2006, AT&T provided Sound Transit with a copy of the ROW Agreement and notified Sound Transit that it was entitled to compensation of actual costs and expenses associated with the relocation of its fiber optic cable facilities. *Id.* at 8.

Plaintiffs contend that they never consented to an assignment of their rights and obligations under the ROW Agreement to Sound Transit. *Id*. Plaintiffs contend that they are under no obligation to relocate their facilities at their own expense. Plaintiffs seek a judgment declaring that Sound Transit "does not have any authority under the ROW Agreement to require AT&T to relocate its fiber optic cable facilities" and that if Sound Transit has such authority, Plaintiffs are entitled to reimbursement of actual costs and expenses pursuant to the ROW Agreement or to RCW 8.26.010, *et seq. Id.* at 10.

On July 25, 2007, after the complaint was filed, Plaintiffs' counsel received a copy of an Assignment and Assumption of Third Party Leases/Easements/Licenses between BNSF and Sound Transit. Dkt. 37 at 3. This document apparently contradicts Plaintiffs' belief that BNSF did not assign its rights under the ROW Agreement to Sound Transit. Plaintiffs contend that if BNSF's assignment of the ROW Agreement was valid, BNSF may be in breach of the ROW Agreement.

Plaintiffs therefore sought leave of Court to file an amended complaint adding BNSF as a defendant. Dkt. 37. Sound Transit did not oppose the motion but asked the Court to leave all scheduling deadlines as previously set. Dkt. 39. Level 3

ORDER - 3

Communications, LLC ("Level 3") and MCI Communications Services, Inc. ("MCI") did not respond to the motion. The Court granted Plaintiffs leave to amend their complaint and add BNSF as a defendant, and noted that "it appear[ed] that adding BNSF would not disturb the Court's jurisdiction." Dkt. 41 at 5. Plaintiffs thereafter filed an amended complaint including BNSF as a defendant. Dkt. 42.

Sound Transit now moves to dismiss this matter, contending that the addition of BNSF as a defendant destroys diversity jurisdiction. Dkt. 62. The parties, with the exception of BNSF, also move for realignment of the parties to cure any jurisdictional defect caused by the addition of BNSF. Dkt. 78. The parties to the Joint Motion for Realignment (Dkt. 78) contend that realignment would render Sound Transit's Motion to Dismiss (Dkt. 62) moot. The Court has therefore considered these motions concurrently.[2]

## II. DISCUSSION

The federal diversity jurisdiction statute, 28 U.S.C. § 1332, vests district courts with jurisdiction over "all civil actions" between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where there is no change in the parties to the suit, diversity is measured at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571-75 (2004). Subject matter jurisdiction may be raised at any point during the proceedings. *See, e.g.*, *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992) (no waiver after four-year delay).

Courts are not bound by the parties' pleadings in determining whether there is diversity of citizenship:

> The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation. If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.

---

[2] Two other motions are currently pending before the Court and ripe for consideration. Dkt. 56 ( BNSF Railway Company's FRCP 12(b)(6) Motion to Dismiss); Dkt. 59 (BNSF Railway Company's Motion for Continuance. These motions were renoted due to the pendency of the Joint Motion for Realignment and will be addressed by separate order.

ORDER - 4

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987). Put another way, parties may be realigned to reflect whether their actual interests are adverse to one another with respect to the primary matter in dispute. *See, e.g.*, *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'"); *Continental Airlines, Inc.*, 819 F.2d at 1523; *Standard Oil Co. of Cal. v. Perkins*, 347 F.2d 379, 382 (9th Cir. 1965).

If diversity is lacking despite proper alignment of the parties, dispensable, nondiverse parties may be dismissed pursuant to Federal Rule of Civil Procedure 21 in order to cure the jurisdictional defect. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Continental Airlines, Inc.*, 819 F.2d at 1524; Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

The parties in this case, with the exception of BNSF, contend that the pleadings do not reflect the true alignment of the parties and that proper alignment of the parties demonstrates that diversity jurisdiction is present. Dkt. 78. BNSF acknowledges that "realignment could preserve jurisdiction" but opposes realignment because "it would be inefficient and uneconomical for the Court to realign the parties here without also providing BNSF sufficient time to prepare for trial." Dkt. 80 at 2-3.

The Court agrees that realignment is proper and cures any jurisdictional defect. Although AT&T was the first to file this suit, the true "plaintiff" in this case is Sound Transit, the party seeking to compel AT&T, Level 3, and MCI to relocate their facilities. AT&T made BNSF a party to recover for breach of contract in the event that Sound Transit is found to have authority under the ROW Agreement to require AT&T to relocate its fiber optic cable facilities. *See* Dkt. 48 at 13 (seeking "any actual costs and expenses incurred by AT&T in relocating its fiber optic cable facilities" at the direction of

ORDER - 5

Sound Transit). BNSF is not properly considered AT&T's "co-defendant" because Sound Transit has not asserted any claims against BNSF. *See* Dkt. 77 (Sound Transit's answer). The dispute between BNSF and AT&T is therefore most appropriately classified as an impleader claim under Federal Rule of Civil Procedure 14. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").

Having aligned the parties according to their interests, the Court concludes that there is diversity jurisdiction in this matter. All properly aligned plaintiffs are diverse from all properly aligned defendants. Sound Transit is a regional transit authority formed under the laws of the State of Washington. Dkt. 11 at 2. AT&T Communications – East, Inc., AT&T Corp., Level 3, and MCI are foreign corporations. Dkt. 48 at 2. Dkt. 26 at 3; Dkt. 27 at 3.

AT&T Communications – East, Inc. is a Delaware corporation, and AT&T Corp. is a New York corporation. Dkt. 48 at 2. These entities are properly aligned as third-party plaintiffs against BNSF, a Delaware corporation.

Section 1367 of Title 28 governs supplemental jurisdiction and provides in part as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367. Subsection (a) provides for supplemental jurisdiction over claims arising out of the "same case or controversy," and subsection (b) places limits on the exercise of such jurisdiction when jurisdiction is based solely on diversity of citizenship.

In this case, AT&T's claim against BNSF arises out of the same case or controversy as the dispute between Sound Transit and AT&T. The Court therefore concludes that exercise of jurisdiction over this claim is proper under 28 U.S.C. § 1367(a). Furthermore, the Court concludes that the exercise of jurisdiction over AT&T's claim against BNSF would not be inconsistent with the requirements of the diversity statute. AT&T's claim is supplemental to Sound Transit's "claim," over which the Court has diversity jurisdiction. As a properly-aligned defendant, AT&T may implead a third-party defendant (BNSF) who is a citizen of AT&T's state. *See United States v. United Pacific Ins. Co.*, 472 F.2d 792, 793-94 (9th Cir. 1973).

The Court therefore concludes that, when the parties are properly aligned, this matter arises under the Court's diversity jurisdiction. Though not specifically sought in the Joint Motion for Realignment (Dkt. 78), the parties propose an amendment of the caption in this matter to reflect the parties' actual alignment. *See* Dkt. 85-2. The Court is not inclined to amend the caption at this juncture but will revisit this matter if amendment proves necessary.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Sound Transit's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 62) is **DENIED**, and the Joint Motion for Realignment (Dkt. 78) is **GRANTED**.

DATED this 26th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7